UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TED A. IZATT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-1855 |
| | § | |
| AMERICAN EXPRESS CENTURION BANK, | § | |
| | § | |
| Defendant. | § | |

ORDER

Pending before the court is a motion to compel arbitration and stay proceedings filed by defendant American Express Centurion Bank ("AmEx"). Dkt. 7. Plaintiff Ted A. Izatt's ("Izatt") response was due on November 7, 2013, but no response has been filed. Under the Local Rules, failure to respond to a motion will be taken as a representation of no opposition. LOC. R. 7.4.

Izatt alleges in his complaint that he authorized a third-party to charge his AmEx card in early 2012 for a $10,000 loan. Dkt. 1 (original complaint) at 1 ¶ 2. After the loan was repaid, and without seeking further authorization, the third-party fraudulently charged more than $100,000 to Izatt's credit card. *Id.* at 1–2 ¶ 2. Izatt sought assistance from AmEx based on its purported fraud guarantees and previous representations that AmEx would monitor his account for suspicious transactions. *Id.* at 2 ¶¶ 3–6. Izatt received a letter on August 6, 2012 informing him that AmEx would not accept liability for the fraudulent charges. *Id.* at 2 ¶ 7.

Izatt filed his original complaint in this court on June 25, 2013. *Id.* at 1. He asserts two claims: (1) breach of the AmEx cardmember's agreement; and (2) violations of the Texas Deceptive Trade Practices Act ("DTPA"). *Id.* at 3. AmEx answered Izatt's complaint on October 9, 2013 and moved to compel arbitration of Izatt's claims on October 17, 2013. Dkts. 6–7.

The AmEx cardmember's agreement (the "Agreement") provides that its "Arbitration provision is made pursuant to transactions involving interstate commerce and shall be governed by the FAA [Federal Arbitration Act]." *See* Dkt. 7, Ex. A-1 (Agreement) at 8. Under the FAA, the court must compel arbitration when (1) there is a valid and enforceable agreement to arbitrate among the parties; (2) the claims asserted in the lawsuit are within the scope of the arbitration agreement; and (3) there are no legal constraints external to the parties' agreement that foreclose arbitration of the covered claims. *Tittle v. Enron Corp.*, 463 F.3d 410, 418–19 (5th Cir. 2006). Because Izatt has not pointed to any legal constraints that would foreclose the arbitration of his claims in this case, the court will only conduct the first two steps of the arbitrability analysis.

First, written arbitration agreements are *prima facie* valid and must be enforced unless the party opposed to arbitration "'allege[s] and prove[s] that the arbitration clause itself was a product of fraud, coercion, or such grounds as exist at law or in equity for the revocation of the contract.'" *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 341 (5th Cir. 2004) (quoting *Nat'l Iranian Oil Co. v. Ashland Oil, Inc.,* 817 F.2d 326, 332 (5th Cir. 1987)); *see also* 9 U.S.C. § 2. AmEx has presented evidence that Izatt agreed to the terms of the Agreement, which includes an arbitration clause, and Izatt has not presented any evidence in response to rebut that contention. *See* Dkt. 7, Ex. A (affidavit of Stephanie Fogelman) at 1 ¶ 3; Dkt. 7, Ex. A-1 at 8 (arbitration clause). The court therefore finds that the parties entered into a valid, enforceable arbitration agreement.

Second, the court must determine whether Izatt's DTPA and contract claims are within the scope of the arbitration clause. Izatt agreed to arbitrate "any claim, dispute or controversy between you and us arising from or relating to your Account, this Agreement . . . ." Dkt. 7, Ex. A-1 at 7–8. This language is generally referred to as "broad" and covers any dispute having a significant

relationship to the contract. *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998) ("Broad arbitration clauses . . . are not limited to claims that literally 'arise under the contract,' but rather embrace all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute."). Here, Izatt's claims for breach of contract and deceptive trade practices are inextricably tied to AmEx's purported obligations under the Agreement and fall within the Agreement's broad arbitration provision.

AmEx's motion to compel arbitration and stay proceedings (Dkt. 7) is **GRANTED**. It is further **ORDERED** that this case is administratively (statistically) **CLOSED** pending arbitration. The parties may move to reinstate the case on the court's active docket at such time in the future as deemed appropriate. A copy of this order shall be attached as an exhibit to any motion to reinstate.

Signed at Houston, Texas on November 12, 2013.

_____
Gray H. Miller
United States District Judge